Filed 3/3/23  P. v. Barrera CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079919 |
| v. | (Super.Ct.No. SWF2001279) |
| JOEL ALEXANDER BARRERA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Timothy F. Freer, Judge.
Affirmed.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant
and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Joel Alexander Barrera appeals from a judgment of
conviction after pleading guilty on six felony counts.  For the reasons set forth *post*, we
affirm the judgment.

1

## STATEMENT OF THE CASE

On December 13, 2021, an information charged defendant with committing lewd and lascivious acts against Jane Doe, a minor under 14 years of age, under Penal Code section 288, subdivision (a): (1) on or about September 24, 2009, through September 23, 2011, (counts 1-3); (2) on or about December 24, 2017 (count 4); and (3) on or about October 16, 2015, through December 23, 2017 (counts 5, 6). The information also alleged that defendant violated Penal Code section 288, subdivision (c)(1), by committing lewd and lascivious acts against Jane Doe, who was a child 14 or 15 years old, and more than 10 years younger that defendant (count 7). As to counts 1 through 6, the information further alleged that defendant committed a qualifying sex offense under Penal Code section 667.61, subdivision (e)(4).

On August 19, 2022, defendant pled guilty to counts 1 through 6.[1] Thereafter, the trial court sentenced defendant to 18 years in state prison, as follows: the upper term of eight years for count 1, and 2 years each (one-third the middle term of six years) for counts 2 through 6, with 563 days custody credit, including 490 actual days and 73 work days under Penal Code section 2933.1. The court then found that defendant was unable to pay fines and fees. The court imposed and stayed execution of a $300 restitution fine under Penal Code section 1202.4, subdivision (b). Moreover, the court struck the enhancements for counts 1 through 6, and dismissed count 7, in the interest of justice under section 1385.

---

[1] Although counts 4 through 6 occurred in Los Angeles County, defendant waived any jurisdictional issues.

On September 30, 2022, defendant filed a timely notice of appeal. On October 3, 2022, the trial court granted defendant's request for a certificate of probable cause.

## STATEMENT OF FACTS

Defendant admitted to committing the acts as alleged in the information, counts 1 through 6.

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and has requested this court to undertake a review of the entire record. Pursuant to *Anders*, counsel identified the following issue to assist the court in its search of the record for error:

"Did the court's assumption of jurisdiction over the Los Angeles County charges violate appellant's rights under the vicinage clause of the Six Amendment to the United States Constitution? (See generally *People v. Gbadebo-Soda* (1995) 28 Cal.App.4th 160, 169-173 [waiver of vicinage right].)"

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error. We are satisfied that defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Id.* at p. 126; *People v. Wende, supra*, 25 Cal.3d at pp. 441-442.)

3

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

J.

We concur:

McKINSTER

Acting P. J.

CODRINGTON

J.